UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

JAMAL JOHNSON and TARIK JOHNSON,

                                  Plaintiffs,

    -against-

CITY OF NEW YORK, ROBERTO VELOZ, Individually,
LUIS MARTINEZ, Individually, and JOHN and JANE DOE 1
through 10, Individually (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                                  Defendants.

------------------------------------------------------------------X

**AMENDED COMPLAINT**

12 CV 0873 (RJS)

Jury Trial Demanded

      Plaintiffs JAMAL JOHNSON and TARIK JOHNSON, by their attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully allege as follows:

### Preliminary Statement

1.    Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiffs also assert supplemental state law claims.

### JURISDICTION

2.    This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

4.    Venue is properly laid in the Southern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.     Plaintiff JAMAL JOHNSON is a thirty-two year old African American man who resides in New York, New York.

7.     Plaintiff TARIK JOHNSON is a twenty-three year old African American man who resides in New York, New York.

8.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.     Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

10.    That at all times hereinafter mentioned, the individually named defendants, ROBERTO VELOZ, LUIS MARTINEZ, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11.    That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

13. This action arises from the defendants' custom, policy and practice of racial profiling and harassment, resulting in the violation of plaintiffs' civil rights on November 6, 2010 at approximately 4:00 p.m.

14. Plaintiff brothers, JAMAL JOHNSON and TARIK JOHNSON, are both African American men with no criminal records.

15. On November 6, 2010, plaintiffs were inside of the 42nd Street – Port Authority Bus Terminal station in Manhattan, having just returned from visiting their parents in New Jersey, and were proceeding towards the A train.

16. Plaintiffs were taking the train uptown where plaintiff TARIK JOHNSON planned to attend a class at the Harlem School of Arts, and plaintiff JAMAL JOHNSON planned to go home.

17. Once at the entrance to the A train, plaintiff TARIK JOHNSON paid his fare by swiping his card in the turnstile, and then entered into the train station boarding area.

18. Plaintiff JAMAL JOHNSON attempted to pay his fare by swiping his card, but upon doing so, discovered he did not have the necessary fare amount on his card.

19. In order to refill his card, plaintiff JAMAL JOHNSON proceeded to a different station entrance where a teller was available to assist him. Plaintiffs arranged to meet inside the boarding area after plaintiff JAMAL JOHNSON refilled his fare card.

20. While plaintiff TARIK JOHNSON waited, plaintiff JAMAL JOHNSON refilled

his fare card, paid his fare, entered the boarding area, and located his brother inside the boarding area.

21. Moments after plaintiffs located each other, two defendant officers, one of whom has been identified as defendant VELOZ, approached and detained plaintiffs, despite lacking reasonable suspicion that plaintiffs had committed, were committing or were about to commit any crime or offense.

22. Without cause or justification, the defendant officers ordered plaintiffs to provide identification and detained plaintiffs in public view, in the crowded station, for a period of time.

23. The defendant officers then escorted plaintiffs to a police station area located in the train station, where a third officer, upon information and belief, believed to be defendant MARTINEZ, continued to detain plaintiffs for no reason.

24. After approximately an hour, the defendant officers returned plaintiffs' identification cards and released plaintiffs without charging plaintiffs with violating any laws.

25. Upon information and belief, defendant VELOZ holds a supervisory role and supervised defendants MARTINEZ and JOHN and JANE DOE 1 through 10, and approved of, oversaw, and otherwise participated in the arrest and prosecution of the plaintiff.

26. The defendant officers MARTINEZ and JOHN and JANE DOE 1 through 10 participated in and/or failed to intervene in the illegal conduct described herein.

27. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising of its employees and due to discrimination against plaintiffs due to their race.

28. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK

is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK's Civilian Complaint Review Board) that many NYPD officers are insufficiently trained on the constitutional prerequisites to stopping and detaining individuals.

29. Defendant CITY OF NEW YORK is further aware that many NYPD officers disproportionately stop and detain African American men, along with other persons of color, despite lacking a reasonable suspicion or probable cause to do so.

30. Defendant CITY OF NEW YORK is aware that such improper training and conduct has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

31. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

32. As a result of the foregoing, plaintiffs JAMAL JOHNSON and TARIK JOHNSON sustained, *inter alia*, emotional distress, embarrassment, and humiliation, and deprivation of their constitutional rights.

<u>**Federal Claims**</u>

**AS AND FOR A FIRST CAUSE OF ACTION**
<u>(Deprivation of Rights Under 42 U.S.C. § 1983)</u>

33. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in

paragraphs "1" through "32" with the same force and effect as if fully set forth herein.

34. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

35. All of the aforementioned acts deprived plaintiffs JAMAL JOHNSON and TARIK JOHNSON, members of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

36. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

37. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

38. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

39. As a result of the foregoing, plaintiffs JAMAL JOHNSON and TARIK JOHNSON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

40. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. Defendants arrested plaintiffs JAMAL JOHNSON and TARIK JOHNSON without probable cause, causing them to be detained against their will for an extended period of time.

42. Defendants caused plaintiffs JAMAL JOHNSON and TARIK JOHNSON to be falsely arrested.

43. As a result of the foregoing, plaintiffs JAMAL JOHNSON and TARIK JOHNSON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## AS AND FOR A THIRD CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

44. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

46. As a result of the foregoing, plaintiffs JAMAL JOHNSON and TARIK JOHNSON were deprived of their liberty and right to substantive due process, causing emotional injuries.

47. As a result of the foregoing, plaintiffs JAMAL JOHNSON and TARIK

JOHNSON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

48.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49.     The defendants unlawfully stopped and detained plaintiffs JAMAL JOHNSON and TARIK JOHNSON because of the plaintiffs' national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

50.     As a result of the foregoing, plaintiffs JAMAL JOHNSON and TARIK JOHNSON were deprived of their rights under the Equal Protection Clause of the United States Constitution.

51.     As a result of the foregoing, plaintiffs JAMAL JOHNSON and TARIK JOHNSON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

52.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.     Defendants had an affirmative duty to intervene on behalf of plaintiffs JAMAL JOHNSON and TARIK JOHNSON, whose constitutional rights were being violated in their presence by other officers.

54. The defendants failed to intervene to prevent the unlawful conduct described herein.

55. As a result of the foregoing, plaintiffs JAMAL JOHNSON and TARIK JOHNSON'S liberty was restricted for an extended period of time, they were put in fear of their safety, and they were humiliated.

56. As a result of the foregoing, plaintiffs JAMAL JOHNSON and TARIK JOHNSON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

57. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58. The supervisory defendants personally caused plaintiffs' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

59. As a result of the foregoing, plaintiffs JAMAL JOHNSON and TARIK JOHNSON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

60. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

62. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, unlawfully stopping and detaining individuals, engaging in falsification, as well as inadequate screening, hiring, retaining, training and supervising its employees.

63. The aforementioned customs, polices, usages, practices, procedures and rules of the New York City Police Department were the moving force behind the violation of plaintiff JAMAL JOHNSON and TARIK JOHNSON'S rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

64. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs JAMAL JOHNSON and TARIK JOHNSON.

65. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs JAMAL JOHNSON and TARIK JOHNSON as alleged herein.

66. The foregoing customs, policies, usages, practices, procedures and rules of the

CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs JAMAL JOHNSON and TARIK JOHNSON as alleged herein.

67. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiffs JAMAL JOHNSON and TARIK JOHNSON were unlawfully stopped and detained.

68. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs JAMAL JOHNSON and TARIK JOHNSON'S constitutional rights.

69. All of the foregoing acts by defendants deprived plaintiffs JAMAL JOHNSON and TARIK JOHNSON of federally protected rights, including, but not limited to, the right:

    A.    Not to be deprived of liberty without due process of law;

    B.    To be free from false arrest/unlawful imprisonment;

    C.    To be free from the failure to intervene; and

    D.    To receive equal protection under law.

70. As a result of the foregoing, plaintiffs JAMAL JOHNSON and TARIK JOHNSON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

71. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72. Within ninety (90) days after the claims herein accrued, plaintiffs duly served

upon, presented to and filed with the CITY OF NEW YORK, Notices of Claim setting forth all facts and information required under the General Municipal Law 50-e.

73. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

74. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

75. Plaintiffs have complied with all conditions precedent to maintaining the instant action.

76. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

77. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78. Defendants arrested plaintiffs JAMAL JOHNSON and TARIK JOHNSON without probable cause.

79. Plaintiffs were detained against their will for an extended period of time.

80. As a result of the aforementioned conduct, plaintiffs JAMAL JOHNSON and TARIK JOHNSON were falsely arrested in violation of the laws of the State of New York.

81. As a result of the aforementioned conduct, plaintiffs JAMAL JOHNSON and TARIK JOHNSON suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

82. As a result of the foregoing, plaintiffs JAMAL JOHNSON and TARIK JOHNSON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

### AS AND FOR A NINTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

83. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84. Defendants made offensive contact with plaintiffs without privilege or consent.

85. As a result of defendants' conduct, plaintiffs JAMAL JOHNSON and TARIK JOHNSON have suffered mental anguish, emotional distress, together with shock, fright, apprehension, embarrassment, and humiliation.

86. As a result of the foregoing, plaintiffs JAMAL JOHNSON and TARIK JOHNSON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

### AS AND FOR A TENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

87. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

89. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

90. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

91. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiffs JAMAL JOHNSON and TARIK JOHNSON.

92. As a result of the aforementioned conduct, plaintiffs JAMAL JOHNSON and TARIK JOHNSON suffered emotional distress, mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

93. As a result of the foregoing, plaintiffs JAMAL JOHNSON and TARIK JOHNSON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

94. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraph numbered "1" through "93" with the same force and effect as if fully set forth herein.

95. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the stop and detention of plaintiffs JAMAL JOHNSON and TARIK JOHNSON.

96. Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

97. As a result of the foregoing, plaintiffs JAMAL JOHNSON and TARIK

JOHNSON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

98. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "97" with the same force and effect as if fully set forth herein.

99. Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the stop and detention of plaintiffs JAMAL JOHNSON and TARIK JOHNSON.

100. As a result of the foregoing, plaintiffs JAMAL JOHNSON and TARIK JOHNSON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

101. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "100" with the same force and effect as if fully set forth herein.

102. Plaintiffs' injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

103. As a result of the foregoing, plaintiffs JAMAL JOHNSON and TARIK

JOHNSON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

104. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "103" with the same force and effect as if fully set forth herein.

105. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

106. As a result of the foregoing, plaintiffs JAMAL JOHNSON and TARIK JOHNSON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Violation of NYS Constitution Article 1 §11)

107. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "106" with the same force and effect as if fully set forth herein.

108. As a result of defendants' conduct, plaintiffs JAMAL JOHNSON and TARIK JOHNSON were deprived of their right to equal protection of laws.

109. As a result of the foregoing, plaintiffs JAMAL JOHNSON and TARIK JOHNSON are entitled to compensatory damages in an amount to be fixed by a jury, and are

further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Violation of NYS Constitution Article 1 §12)

110. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "109" with the same force and effect as if fully set forth herein.

111. As a result of defendants' conduct, plaintiffs JAMAL JOHNSON and TARIK JOHNSON were deprived of their right to security against unreasonable searches, seizures, and interceptions.

112. As a result of the foregoing, plaintiffs JAMAL JOHNSON and TARIK JOHNSON are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs JAMAL JOHNSON and TARIK JOHNSON demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A)  full and fair compensatory damages in an amount to be determined by a jury;

(B)  punitive damages against the individual defendants in an amount to be determined by a jury;

(C)  reasonable attorney's fees and the costs and disbursements of this action; and

(D)  such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       June 8, 2012

                              LEVENTHAL & KLEIN, LLP
                              45 Main Street, Suite 230
                              Brooklyn, New York 11201
                              (718) 722-4100

                              By: _____
                                   BRETT H. KLEIN

                              Attorneys for Plaintiffs JAMAL JOHNSON and TARIK JOHNSON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

JAMAL JOHNSON and TARIK JOHNSON,

                              Plaintiffs,

                              12 CV 0873 (RJS)

    -against-

CITY OF NEW YORK, ROBERTO VELOZ, Individually,
LUIS MARTINEZ, Individually, and JOHN and JANE DOE 1
through 10, Individually (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                              Defendants,

------------------------------------------------------------------------X


**AMENDED COMPLAINT**




**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiffs
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100